**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan J. Arellano, | No. CV 09-1448-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Eric H. Holder, Jr., U.S. Attorney General; Janet Napolitano, Secretary, Department of Homeland Security; Katrina Kane, Field Director, Immigration and Customs Enforcement, | |
| Defendants. | |

Pending before the Court is Petitioner's Motion for Attorney's Fees (Doc. #29) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). After reviewing the motion, the United States's response (Doc. #30), and Petitioner's reply (Doc. #31), the Court denies the motion.

**II.    BACKGROUND**

On May 19, 2009, Petitioner was taken into custody and detained at the Detention Facility in Eloy, Arizona. (Doc. #29 at 1.) Both parties concede that the government was authorized to detain Petitioner without bond pursuant to section 136(c) of the Immigration & Naturalization Act ("INA"), 8 U.S.C. § 1226. (Doc. #30 at 8.) However, because of a recent heart-lung transplant, Petitioner requested humanitarian parole. (Doc. #29 at 2.)

Petitioner argued that his detention posed a risk to his life.[1] (*Id.*) In addition, Petitioner alleges that Respondents were aware that the detention facility had been quarantined for exposure to the H1N1 virus and the detention center's medical staff had requested Petitioner's release. (Doc. #29 at 5.) Generally, both parties agree that Respondents detained Petitioner for two to three months after they were made aware of Petitioner's medical condition. *See* (Doc. #31 at 6); *see also* (Doc. #30 at 1-2.)

This action originated after Petitioner filed a Petition for writ of habeas corpus in district court on July 13, 2009. (*Id.*) Petitioner alleged that his continued detention posed a serious risk to his life. (*Id.*) Thus, the detention was a violation of the constitutional prohibition against deprivation of life without due process of law. (*Id.*) On July 16, 2009, this Court ordered Respondents to answer the petition. (Doc. #8.) Petitioner alleges that "[o]n July 28, 2009, a government official, acting on behalf of the Respondents, agreed to immediately release [Petitioner] in exchange for [Petitioner's] agreement to dismiss his Petition." (Doc. #23.) As a result, Petitioner filed a motion to dismiss his petition. (Doc. 30 at 2.) However, on August 11, 2009, Petitioner moved to reinstate his petition due to the delay in Petitioner's release. (Doc. #29 at 3.) On the same day, Respondents released Petitioner. (Doc. #24.) Thereafter, Petitioner again moved to withdraw his petition (Doc. #26) and the Court subsequently dismissed the petition without prejudice. (Doc. #27.) Following his release, Petitioner moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").

**II.    LEGAL STANDARD**

On a motion for attorney's fees and costs pursuant to the EAJA, a prevailing party is entitled to attorney's fees unless the government's position was substantially justified or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Perez-*

---

[1] "Petitioner alleges that he received a heart-lung transplant on June 7, 2008. Petitioner further alleges that he requires extensive medication (as many as 16 different medicines), therapy, and frequent evaluations to avoid infection and rejection of his transplanted heart and lungs." (Doc. #8 at 1.)

- 2 -

*Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). Under the EAJA, the government's position includes both its litigating position and the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D). Furthermore, the Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (affirming "Ninth Circuit's holding that substantially justified means having a reasonable basis both in law and fact"); *see also Abela v. Gustafson*, 888 F.2d 1258, 1264 (9th Cir. 1989). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

**III. DISCUSSION**

Petitioner Arellano argues that attorney's fees and costs are appropriate because Petitioner is the prevailing party and the government's position is neither substantially justified, nor do special circumstances exist. (Doc. #31.) In response, Respondents contend that an award for attorney's fees is not warranted because Petitioner: (1) failed to follow local rules of civil procedure 54.1, (2) is not a prevailing party, (3) the government's position was substantially justified, and (4) special circumstances exist that make an award unjust. (Doc. #30 at 1.) For the following reasons, the Court finds that Petitioner is not entitled to attorney's fees.

**A. Prevailing Party**

First, the Court must determine whether the Petitioner "prevailed" on his claim as required by the EAJA. To qualify as the prevailing party, Petitioner must satisfy two separate criteria: there must be a "material alteration" in the parties' legal relationship and the alteration must be "judicially sanctioned." *Carbonell v. INS*, 429 F.3d 894, 900 (9th Cir. 2005); *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001) (recovery requires a "court-ordered change in the legal relationship between" the parties (internal alterations omitted)). In the present case, the Court recognizes that Petitioner did not obtain relief in the form of an enforceable judgment on the merits. Nonetheless, the Court finds that Petitioner still qualifies as a "prevailing

party" under the two part test enunciated in *Buckhannon*.

### 1. *Material Alteration*

Petitioner satisfies the "material alteration" element necessary for "prevailing party" status. A "material alteration" requires a change in the legal relationship between the parties. *Carbonell*, 429 F.3d at 900 (elaborating that it is not necessary to win every claim; rather, "a plaintiff prevails if he has succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit." (internal quotation marks omitted)). Similar to *Carbonell*, the United States had the authority to deport Petitioner immediately after he was detained. And like *Carbonell*, if the Respondents had done this before the Court "require[d] Respondents to answer the Petition,"(Doc. #8 at 2), Petitioner would have had no other recourse and the Court would have dismissed the case. However, this relationship changed when Respondents agreed to release Petitioner in exchange for Petitioner dismissing his petition for writ of habeas corpus. (Doc. #23 at 2.) Like the relationship in *Carbonell*, the Respondents were "required to do something directly benefitting the [Petitioner] that they otherwise would not have had to do." 429 F.3d at 900 (elaborating that the underlying case does not affect the fact that for the present situation, the party obtained the desired relief). Therefore, Petitioner satisfies the "material alteration" element necessary for prevailing party status.

### 2. *Judicially Sanctioned*

Petitioner also satisfies the second element, that the material alteration be stamped with some type of "judicial imprimatur." Here, the Ninth Circuit has rejected overly narrow interpretations of the type of relief that satisfies the "judicially sanctioned" element. *Carbonell*, 429 F.3d at 898. In *Carbonell*, the court held that a party who "succeeds in obtaining a court order incorporating an agreement that includes relief the plaintiff sought in the lawsuit . . . is a prevailing party for attorney's fees purposes." *Id.* at 901 (quoting *Labotest, Inc. v. Bonta*, 297 F.3d 892, 893 (9th Cir. 2002). *Carbonell* reasoned that because the stipulation was incorporated into a court order, the court "placed its stamp of approval

on the relief obtained." *Id.* Thus, *Carbonell* concluded that the relief contained the necessary "judicial imprimatur" to satisfy the prevailing party requirements. *Id.*

Similar to *Carbonell*, in this case, although Petitioner's release was granted as a result of a voluntary agreement between Petitioner and Respondents, this Court subsequently incorporated the agreement into a court order. (Doc. #21 at 1.) In other words, this Court incorporated the parties' voluntary agreement to grant Petitioner the relief he sought, humanitarian parole. *Cf. Carbonell*, at 429 F.3d 901 ("stay of deportation was obtained through a voluntary stipulation between Carbonell and the government").

This case is distinguishable from the "catalyst theory" that has been rejected by numerous courts. *See Buckhannon*, 532 U.S. at 605 (relief achieved through voluntary change prompted merely by a lawsuit does not convey prevailing party status); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (finding that although parties reached a settlement agreement, the district court did not have the power to enforce agreement because agreement had not been incorporated into order dismissing the case). Unlike *Kokkonen*, the present situation is not a purely private agreement. As discussed above, it involves a court order incorporating the voluntary agreement.

Furthermore, case law cited by Respondents is unconvincing. *See Citizens for Better Forestry v. U.S. Dep't of Agriculture*, 567 F.3d 1128 (9th Cir. 2009). In *Citizens*, the court found that the USDA had deprived Plaintiffs of their right to comment. *Id.* at 1133. The court held that the facts did not support a finding that Plaintiffs were a "prevailing party." *Id.* at 1134. The court reasoned that because the district court was not bound to comply with the Ninth Circuit's decision, the judicial action did not possess the necessary "judicial imprimatur." *Id.* at 1133. This is not the same as the present facts. Here, the Respondents were *required* to respond to this Court's request to answer the Petition for writ of habeas corpus. (Doc. #8 at 2.) Similar to *Carbonell*, once this happened, Respondents could not have voluntarily decided not to respond and, instead, decide to deport Petitioner the next day. Therefore, this Court finds that the present circumstance includes the necessary judicial imprimatur to convey prevailing party status on Petitioner.

1  **B.      Substantially Justified**

2  Respondents argue that attorney's fees are not appropriate because the government
3  had the right to detain Petitioner and no obligation to grant humanitarian release; therefore,
4  the government's position was justified. (Doc. #30 at 6.) In response, Petitioner argues that
5  the government's three month delay in releasing Petitioner was not justified. (Doc. #31 at
6  6.) To find that the government's position was substantially justified, the Court must find
7  that the government's action in detaining Petitioner had a *reasonable* basis in law and fact.
8  *See Abela,* 888 F.2d at 1264; *see also Pierce v. Underwood,* 487 U.S. 552, 565 (1988)
9  ("Substantial justification in this context means justification to a degree that could satisfy a
10 reasonable person"). Because the government is correct that it had no duty to grant
11 humanitarian release, the Court finds that the government's position was substantially
12 justified.

13 Respondents argue that releasing Petitioner "only two months after his detention" was
14 reasonable. (Doc. #30 at 8.) In response, Petitioner argues that "Petitioner remain[ing] in
15 detention for three months, in spite of repeated requests for his release," was unreasonable.
16 (Doc. #31 at 6.) Cases finding a delay reasonable are similar to the present one. *See Ashburn
17 v. U.S.*, 740 F.2d 843, 850 (11th Cir. 1984) (delay reasonable, in part, due to the fact that the
18 issues involved were not routine and clear cut); *see also White v. United States,* 740 F.2d
19 836, 842 (11th Cir.1984) (government was substantially justified in conceding issue less than
20 three months after plaintiff raised it in her amended complaint); *but cf. Nong v. Reno*, 28
21 F.Supp.2d 27, 30 (D. D. C. 1998) (delay unreasonable because it involved an unusual amount
22 of time compared to established norms). These cases support finding that the delay was
23 reasonable to a degree that could satisfy a reasonable person. The present situation is not as
24 clear cut as Petitioner portrays it to be. Petitioner cites to no statute or case law showing the
25 government was required to release Petitioner at all, let alone within a specific amount of
26 time. It is reasonable to presume that processing a detainee's release does not happen
27 immediately. Petitioner's claim that he requires up to sixteen different medications a day,
28 therapy, and frequent evaluations takes time to verify. In addition, determining the

1 | appropriate parameters of Petitioner's release takes time.  Thus, the Court agrees with
2 | Respondents contention that the delay in Petitioner's release was  reasonable.

Other cases finding the government's position did not have a reasonable basis in law are inapposite. *See e.g., Penrod v. Apfel*, 54 F.Supp.2d 961, 965 (D. Ariz. 1999).  For example, in *Penrod*, the government conceded that the prior administrative decision contained "material errors," but opposed summary judgment anyway. *Id.* at 963.  The court found that the government's position was not substantially justified. *Id.* at 964.  Here, unlike *Penrod*, which found the government's position unreasonable, Respondents never changed their legal position.  In fact, Petitioner concedes that the government legally took Petitioner into custody.  Therefore, because the Court concludes that the delay in releasing Petitioner was reasonable, the Court finds that the government's position was substantially justified.

**IV. CONCLUSION**

For the reasons discussed above, although Petitioner is the prevailing party in this action, the Court finds that the government's position was substantially justified.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Attorney's Fees (Doc. #29) is **denied**.[2]

DATED this 3rd day of December, 2009.

_____
James A. Teilborg
United States District Judge

---

[2] Because the Court found the government's position was substantially justified, the Court has not addressed the government's remaining two arguments that fees should be denied; namely, that Petitioner failed to comply with the local rules and/or that special circumstances were present.

- 7 -